# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**CASE NO**. 9:20-cv-81731

**EVELYN RODRIGUEZ**,

    Plaintiff,

vs.

**THIRTY THREE TWENTY, LLC**, and
**ALAN COHEN**, individually,

    Defendants.

_____/

## COMPLAINT

**EVELYN RODRIGUEZ** ("Plaintiff"), by and through the undersigned counsel, hereby sues **THIRTY THREE TWENTY, LLC** (hereinafter the "Company") and **ALAN COHEN**, individually (hereinafter "Cohen") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1.  This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.  Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees, and costs pursuant to the FLSA, and all other remedies allowable by law.

1

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendants and performed work for Defendants in Palm Beach County, Florida.

4. The Company is, and was, a Florida company conducting business in Palm Beach County, Florida during the relevant period, December 2018 through August 2, 2020.

5. Cohen is, and was, a corporate officer for/operator of the Company during the relevant time period. Further, Cohen controlled the business and the Company's employees (including Plaintiff who was paid by the Company) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

6. The Company held Plaintiff out as an employee in written instruments.

7. The Company and Cohen are employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

8. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

2

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## GENERAL ALLEGATIONS

### A. Defendants' Business and Interstate Commerce

9. Under information and belief, the Company is a business formed for, and engaging in, the personal pursuits, business or otherwise, of Cohen and his family.

10. Under information and belief, Plaintiff alleges that the Company's gross annual revenue exceeded $500,000.00 during 2018 and 2019 and is expected to exceed $500,000.00 during 2020.

11. The Company customarily and regularly sold goods and services across state lines.

12. At all relevant times, the Company employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

13. Upon information and belief, the Company obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

3

14. The Company, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

15. The Company is an employer engaged in interstate commerce and subject to the FLSA.

### B. The Federal Au Pair Guidelines

16. The U.S. Department of State, under 22 C.F.R. §62.31, sets forth strict requirements for American families when hosting foreign nationals as au pairs.

17. Pursuant to 22 C.F.R. §62.31(a) and (j), au pairs may only provide a maximum of forty-five (45) hours of childcare services per week.

18. Further, 22 C.F.R. §62.31(j) stipulates that au pairs must be paid in conformance with the FLSA.

### C. Defendants' Employment and Failure to Properly Pay Plaintiff

19. Plaintiff provided live-in services as an au pair with Defendants' family during December of 2018.

20. At the time of Plaintiff's hire, no employment or other agreement was drafted and executed by the Parties.

21. During her placement, Plaintiff was paid a weekly salary of $1,153.85 ($60,000.00, annually) via check written from Cohen's business: Thirty Three Twenty, LLC.

4

22. Defendants required Plaintiff to exceed the regulatory limits on working hours and performing duties beyond childcare-related tasks.

23. From December of 2018 through February of 2020, Plaintiff typically worked from Sunday, 9:00 am, through Friday, 9:00 am. During the work week, Plaintiff worked from 7:00 am through 7:30/8:00 pm.

24. The length of Plaintiff's breaks during the day would vary.

25. Further, any nighttime/overnight childcare, and the hours expended, would also vary.

26. No timekeeping system was utilized to precisely capture Plaintiff's work hours.

27. During this time period, Plaintiff alleges to have worked between fifty to fifty-five (50 to 55) hours per week. These work hours, and lack of associated overtime pay, violates both the FLSA and the Federal Au pair Guidelines.

28. From March of 2020 through August 2, 2020, Plaintiff was saddled with several duties beyond typical childcare responsibilities in violation of the Federal Au pair guidelines.

29. Starting in March of 2020, and continuing through the end of her employment, Plaintiff's work hours increased to sixty to sixty-five (60 to 65) hours per week.

30. These work hours, non-childcare related duties, and lack of associated overtime pay, violate the FLSA and the Federal Au pair Guidelines.

5

31. Throughout the relevant time period, Defendants failed to have proper timekeeping procedures in place to track Plaintiff's exact work hours.

32. Defendants willfully and intentionally failed to properly record Plaintiff's work hours and provide her with a proper overtime premium for each overtime hour worked.

33. Defendants were Plaintiff's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

34. Defendants intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

**D. Cohen's Employment of, and Failure to Properly Pay, Plaintiff**

35. Cohen made the decision to retain Plaintiff as an au pair.

36. During the relevant period, Cohen was Plaintiff's supervisor.

37. During Plaintiff's employment, Cohen provided Plaintiff with her work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, and was responsible for recording, calculating, and paying Plaintiff's work hours.

38. Cohen made the decision to pay Plaintiff through his company, Thirty Three Twenty, LLC (the corporate defendant).

39. On or about August 2, 2020, Cohen made the decision to terminate Plaintiff.

6

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

40. Cohen intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

41. Cohen was partially or totally responsible for paying Plaintiff's wages.

### COUNT I
### OVERTIME VIOLATION BY THIRTY THREE TWENTY, LLC
### UNDER THE FAIR LABOR STANDARDS ACT

42. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

43. As part of its business, the Company purchased goods and materials that traveled through interstate commerce.

44. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

45. Upon information and belief, the Company obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

46. The Company, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

7

47. Further, 22 C.F.R. §62.31(j) stipulates that au pairs must be paid in conformance with the FLSA.

48. During her employment, Plaintiff worked overtime hours for which she was not compensated at a rate of no less than half her regularly rate of pay as required by the FLSA.

49. The Company did not compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked.

50. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

51. In addition, the Company is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment for Plaintiff against the Company under the FLSA;

   b. Award Plaintiff actual damages for the unpaid wages;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff her attorneys' fees and costs;

   e. Award Plaintiff all recoverable interest; and

   f. Award any other relief this Honorable Court deems just and proper.

8

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## COUNT II
## OVERTIME VIOLATION BY ALAN COHEN
## UNDER THE FAIR LABOR STANDARDS ACT

52. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if fully set forth herein.

53. Cohen operated the day-to-day activities of the Company's business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

54. Cohen scrutinized Plaintiff's work and controlled how Plaintiff did her job.

55. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

56. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

57. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

58. Cohen did not compensate Plaintiff for her overtime despite her knowledge of the overtime hours Plaintiff worked.

59. Cohen is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result

9

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Cohen under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

10

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Dated: September 24, 2020

                Respectfully submitted,

                By: ***/s/ Brody M. Shulman***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA BARNHART ALEMÁN**
12401 Orange Dr.
Suite 123
Davie, FL, 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

11